IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ANDREW CHANDLER HUBBARD, #T0171                                             PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 5:10-cv-185-DCB-RHW

C.C.A. BONDING, et al.                                                      DEFENDANTS

ORDER

Plaintiff Hubbard, an inmate currently incarcerated at the Wilkinson County Correctional Facility, filed this *pro se in forma pauperis* complaint pursuant to 42 U.S.C. § 1983.  The named Defendants are: C.C.C. Bonding; Corrections Corporation of America; Elliott Beauchamp; Ricky Jackson; Leon Perry; Ella Jackson; Victor Vines and Unknown Rice.

The Court entered an order [5] directing the Plaintiff to file a response specifically stating how each named defendant violated his constitutional rights and the Plaintiff was directed to state what injuries, if any, he suffered from the Defendants' alleged actions.  On January 11, 2011, Plaintiff filed his response [7] to the order.  Upon liberal review of the complaint and response, the Court has reached the following conclusions.

Plaintiff's claims center around an alleged assault by other inmates on March 19, 2010, and an alleged assault by Defendant Beauchamp on April 22, 2010.  At this early juncture in the proceedings, Plaintiff will be allowed to proceed with his claims against all of the Defendants except for C.C.A. Bonding and Corrections Corporation of America.  At best, it appears Plaintiff is trying to assert claims against C.C.A. Bonding and Corrections Corporation of America based on their status as the operators of the Wilkinson County

Correctional Facility and employers of the other Defendants. In a § 1983 suit, a private prison management corporation cannot be held vicariously liable under a theory of respondeat superior for constitutional violations of its employees. *See Olivas v. CCA*, 215 Fed. App'x 332, 333 (5th Cir. 2007)(citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978))("CCA may not be held liable on a theory of respondeat superior"); *Barnes v. CCA*, 2010 WL 2090106, *2 (S.D. Miss. Sept. 15, 2010); *Lonoaea v. CCA*, 665 F.Supp.2d 677, 685 (N.D.Miss.2009). As such, C.C.A. Bonding and Corrections Corporation of America will be dismissed as Defendants in this case. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)(A *pro se* litigant is required to "allege specific conduct giving rise to a constitutional violation."). Accordingly, it is hereby,

ORDERED:

1. That the C.C.A. Bonding and Corrections Corporation of America are dismissed as Defendants in this case.

2. That the Plaintiff within 20 days of the date of this order shall provide this Court with the civil action number of every civil action or appeal which the Plaintiff has had dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted. Plaintiff shall also provide the name of the court and name(s) of defendant(s) in each civil action identified.

3. That the United States District Clerk is directed to issue summons to the remaining Defendants at WCCF, 2999 Highway 61 N., Woodville, MS 39669, <u>requiring a response to the complaints</u>. The Clerk is directed to attach a copy of this order to each

complaint and response [7] that will be served on the named defendants.  The United States Marshal shall serve the same pursuant to 28 U.S.C. § 1915(d).

4.     That the Defendants file their answer or other responsive pleading in this cause in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

5.     That as provided for in the Federal Rules of Civil Procedure, discovery is stayed until further order of the Court.

6.     That as provided in 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, this Court may designate and assign a magistrate judge to hear a prisoner petition challenging the conditions of confinement.  This Court hereby refers this cause to **United States Magistrate Judge Robert H. Walker** for all further proceedings provided for by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure to include conducting hearings and submitting to the district judge assigned to this cause proposed findings of fact and recommendations for the disposition of this cause.

7.     That subpoenas shall not be issued except by order of the Court.  The United States District Clerk shall not issue subpoenas upon request of the *pro se* litigant, but shall instead forward the request to the Magistrate Judge assigned to this cause for review.

**The Plaintiff should understand that this order allowing process to issue against the above named Defendants does not reflect any opinion of this Court that the claims contained in the complaint will or will not be determined to be meritorious.**

**It is Plaintiff's responsibility to prosecute this case.  Failure to advise this Court**

3

**of a change of address or failure to comply with any order of this Court will be deemed as a purposeful delay and contumacious act by Plaintiff and will result in the dismissal of this case.**

SO ORDERED this the  16th  day of March, 2011.

                                        s/David Bramlette
                                        UNITED STATES DISTRICT JUDGE